IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEXTHOME, INC., <br><br> v. <br><br> CRAIG JENKINS, *et al.* | Civil Action No. CCB-20-1210 |

## MEMORANDUM

Now pending is NextHome's Motion for Entry of Money Judgment (ECF 30) and Motion for Attorneys' Fees and Costs (ECF 27) related to its prosecution of a trademark infringement claim against the defendants, Craig Jenkins and NXT Home, LLC. No oral argument is necessary. *See* Local Rule 105.6. For the reasons below, the court will deny the Motion for Money Judgment and grant the Motion for Attorneys' Fees and Costs. The court will award the plaintiff $45,602.50 in attorneys' fees and $1,201.96 in costs.

## BACKGROUND[1]

NextHome brought this action against Defendant Craig Jenkins and Defendant NXT Home, LLC on May 12, 2020, alleging trademark infringement and other claims under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1)(a); and trademark infringement and unfair competition under Maryland common law. (ECF 1.) NextHome offers "real estate brokerage and mortgage brokerage services, and owns Federal Trademark Registration No. 2,192,807 for the "NEXTHOME®" trademark ("NEXTHOME Trademark"). (*Id.* at ¶¶ 10, 13.) The NEXTHOME

---

[1] The court copies much of the following recitation of facts from Judge Coulson's Report and Recommendation, (ECF 20), which the court adopted on May 4, 2021, (ECF 21).

1

Trademark was registered with the U.S. Patent and Trademark Office ("USPTO") on September 29, 1998, and has been in "constant interstate use" since that time. (*Id.* at ¶¶ 13, 16.) The NEXTHOME Trademark is "strong," "inherently distinctive," and "represents the exceedingly valuable goodwill of NextHome." (*Id.* at ¶ 17.)

Defendant NXT Home was created by Defendant Jenkins on August 18, 2018, and is a limited liability company with its principal place of business in Crofton, Maryland. (ECF 1 at ¶¶ 8, 19, 27). Like the plaintiff NextHome, Inc., NXT Home also operates in the "mortgage brokerage and lending services," and "real estate marketing" industries. (*Id.* at ¶¶ 20, 27.) To promote their services, the defendants established websites with domain names including www.nxthomemortgage.com and www.nexthomesolutions.com. (*Id.* at ¶¶ 20, 28.)

On December 5, 2019, NextHome sent a letter to Defendant Jenkins "demanding that he cease infringing" the NEXTHOME Trademark. (*Id.* at ¶ 23.) Less than two weeks later, and without responding to NextHome's letter, Defendant Jenkins filed an application (No. 88/728587) with the USPTO to register a trademark for "NXT HOME MORTGAGE" for "mortgage brokerage; mortgage lending."[2] (*Id.* at ¶ 24.) Notwithstanding NextHome's "demands to cease and desist all infringing activities," the defendants refused, and "continue to market, promote, provide, and sell" services similar to that which NextHome offers its customers. (*Id.* at ¶¶ 31–33.) At no point did NextHome authorize or license the defendants' actions. (*Id.* at ¶ 29.)

NextHome sued, serving the complaint on the defendants on May 1, 2020. (ECFs 8-9). The defendants did not file an answer or responsive pleading within the requisite time period. Upon the plaintiff's Motion for Entry of Default, (ECF 11), the Clerk entered judgment in the plaintiff's

---

[2] At the time the plaintiff filed its complaint, Jenkins' USPTO application remained pending. (ECF 1 at ¶ 25). A USPTO Office Action rejected the application on March 18, 2020, on the grounds it was likely to cause confusion with the NEXTHOME Trademark. (*Id.*)

favor on July 6, 2020, (ECF 14). The plaintiff then filed its Motion for Default Judgment on September 11, 2020, seeking various forms of relief, including (1) a permanent injunction; (2) an order requiring the defendants to transfer to NextHome any domain names incorporating the NEXTHOME Trademark; (3) an order directing the defendants to withdraw USPTO Application No. 88/728587; (4) an order directing the defendants to provide NextHome with a report of its gross sales from January 2018 to present and to appear for a hearing on an accounting of the defendants' profits earned in conjunction with the NEXTHOME Trademark or confusingly similar trademarks; (5) treble damages for deliberate and willful trademark infringement and false designation of origin; (6) costs and attorneys' fees, with pre- and post-judgment interest; and (7) an order requiring the defendants to destroy all materials bearing the NextHome Trademark or confusingly similar trademarks. (ECF 17).

The defendants never answered or responded to the motion for default. United States Magistrate Judge Coulson recommended that judgment be entered against the defendants, that an accounting be conducted to determine infringing profits, that this court award NextHome costs and reasonable attorneys' fees, and various other forms of equitable relief. (ECF 20.) This court adopted Judge Coulson's Report and Recommendation on May 4, 2020. (ECF 21.)

The defendants failed to abide by the court's order. First, the defendants failed to assign the infringing domain names, so NextHome had to communicate with various domain name registrars to execute the transfer. (ECF 27-2.) Second, the defendants failed to produce the documents necessary for an accounting. (ECF 23-1 at ¶¶ 10, 19-22).

Given the defendants' non-compliance, NextHome moved for the defendants to show cause as to why they should not be held in contempt of court. (ECF 22). The defendants did respond

to that filing, claiming there were no revenues. The hearing on that motion was the first time the defendants appeared before this court.

The court gave the defendants one additional opportunity to document their assertions related to NXT Home's finances, ordering the defendants to file an affidavit made under the penalty of perjury affirming the lack of revenue and profits, as well as any business and personal tax returns for the calendar years 2018, 2019, and 2020. (ECF 26.) The deadline for filing these documents was January 10, 2022. (*Id.*) The defendants failed to submit anything by that deadline. The defendants did, however, submit a partially responsive letter on January 28, 2022. (ECF 28.) The letter, still unaccompanied by a sworn affidavit under the penalty of perjury, explained the financial circumstances surrounding the trademark infringement and court proceedings and attached various tax returns. (*Id.*) NextHome proceeded with an accounting based on those documents and moved for entry of judgment and accounting on March 11, 2022. (ECF 30.) This followed NextHome's Motion for Attorneys' Fees and Costs, filed on January 10, 2022. (ECF 27). The defendants then filed another letter response, which the court docketed on May 5, 2022. (ECF 31).

## DISCUSSION

The court discusses the plaintiff's two pending motions—the Motion for Entry of Money Judgment (ECF 30) and Motion for Attorneys' Fees and Costs (ECF 27)—in turn. For the reasons discussed below, the Motion for Entry of Money Judgment will be denied and the Motion for Attorneys' Fees and Costs will be granted.

### I. Motion for Entry of Money Judgment

The plaintiff asks the court to assess money damages of $136,334.00 against the defendants. Under section 1117(a) of Title 15, a successful plaintiff is entitled to recover a defendant's profits "subject to the provisions of sections 1111 and 1114 of this title, and subject to

4

the principles of equity." Section 1117(a) also provides that, "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only." *Id.* "To satisfy the burden of proving a defendant's sales, the injured party need only produce evidence establishing a 'reasonable estimate' of defendant's sales." *Entrepreneur Media, Inc. v. JMD Ent. Grp., LLC*, 958 F. Supp. 2d 588, 597 (D. Md. 2013) (quoting *Hosp. Int'l v. Mahtani*, No. CIV.A.2:97-CV-87, 1998 WL 35296447, at *8 (M.D.N.C. Aug. 3, 1998)). The plaintiff then bears the burden of proving costs or other deductions. *Id.*

Assessing profits in this case is complicated by the defendants' failure to comply with the court's order that it "file with the court and serve on plaintiff's counsel an affidavit sworn to under penalties of perjury affirming the lack of revenue and profits from the operation of NXT Home, LLC" and "copies of any business tax returns and Mr. Jenkins's personal tax returns for the calendar years 2018, 2019, and 2020." (ECF 26). The defendants failed to produce the ordered affidavit or any business tax returns, instead producing only a letter containing Jenkins' personal tax returns for the 2018 and 2019 tax years indicating income of $128,382.00 in 2018 and of $102,632.00 in 2019. After attempting unsuccessfully to seek the remaining documents from the defendants directly, (ECF 30-1), the plaintiff elected "to proceed based on the materials provided," (ECF 30 at 1).

The plaintiff asserts that the defendants' tax returns evince combined profits of $136,334.00 for tax years 2018 and 2019. The defendants, meanwhile, maintain that the tax documents indicate only individual income earned by Jenkins as an employee of other businesses. (ECF 28; ECF 31.) Given the evidence available to the court, it is forced to agree with Jenkins. The relevant documents are Jenkins' individual tax returns for tax years 2018 and 2019, (*see* ECF 28), which Jenkins represents he earned as an employee of BM Services/PFN and Bayshore

5

Funding, (ECF 31). The 2018 tax return corroborates this account, at least to some extent, indicating Jenkins derived his income from three sources: 1st Financial, American Financial Network, and BM Real Estate Services. (ECF 28). There has been no suggestion that any of these entities is synonymous with NXT Home, LLC, (*see* ECF 30), and NXT Home, LLC does not appear on any of Jenkins' tax documents, (*see* ECF 28). The 2019 tax return, meanwhile, does not appear to identify an employer. Thus, on this record, the court cannot agree with the plaintiff that Jenkins' entire 2018 and 2019 earnings represent NXT Home revenues.

The court is reluctant to enter an order that might be perceived as rewarding Jenkins for failing to comply with its orders—or punishing NextHome for making the most of an admittedly unenviable position—but the court is also bound by the Lanham Act's instruction that any damages award "shall constitute compensation and not a penalty." 15 U.S.C. § 1117(a). Without more, the court simply cannot conclude that NXT Home profited from its infringement or that NextHome lost revenue due to the infringing mark. The Motion for Entry of Money Judgment must be denied.

## II. Motion for Attorneys' Fees and Costs

### A. Attorneys' Fees

The plaintiff has also moved for attorneys' fees and costs associated with this action. Section 35 of the Lanham Act grants the court authority to award reasonable attorneys' fees and costs in "exceptional cases." *See* 15 U.S.C. § 1117(a); Fed. R. Civ. P. 54(d)(1), (d)(2). An "exceptional" case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (analyzing the "exceptional case" standard under 35 U.S.C. § 285). A court may find a trademark infringement case "exceptional" when: "(1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing

party's position as either frivolous or objectively unreasonable; (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence." *Georgia-Pac. Consumer Prod. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015), *as amended* (Apr. 15, 2015) (citations omitted).

The court has already adopted Judge Coulson's recommendation that this is an exceptional case. The defendants' persistent failures to cooperate with this litigation are objectively unreasonable, and in the context of a trademark dispute—where calculating damages often depends upon the defendant providing discovery—the need to deter future similar conduct is particularly acute. Moreover, the attorneys' fees the plaintiff incurred in this case were amplified by the defendants' own recalcitrance, forcing the plaintiff to contact domain providers directly because of the defendants' failure to forfeit their domain names voluntarily following the court's order. Although the court is sympathetic to the defendants' position as a small business unsophisticated in resolving legal disputes, the plaintiff went out of its way to provide the defendants with helpful resources and to pursue an equitable resolution with minimal burden on the defendants. (*See* ECF 30-1). Nevertheless, the defendants shirked their legal obligations and made no apparent effort to work with the plaintiff to resolve this matter. Under these circumstances, the court concludes this case presents precisely the kind of exceptional circumstance for which the Lanham Act intended to compensate plaintiffs.

Having decided attorneys' fees are due under the Lanham Act, the court must calculate the amount owed. It does so by multiplying "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). A reasonable fee is one that is "sufficient to induce a capable attorney to undertake the representation of a meritorious

. . . case." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). Here, the plaintiff has requested $45,602.50 in attorneys' fees. The court concludes this is a reasonable amount.

Counsel for the plaintiff, Barnes & Thornburg LLP ("B&T"), calculated its rate by assessing the maximum fee accepted under the local rules for lawyers with comparable experience. In reality, B&T charged the plaintiff far more than the guideline rates. *See* (ECF 27-2); Local Rules, App. B: Rules and Guidelines for Determining Attorneys' Fees in Certain Cases. In support of its motion, the plaintiff has provided a declaration describing the nature of the work of each attorney on the case and the respective rates B&T charged the plaintiff for each attorney's time. (ECF 27-2). B&T has also submitted its time in accordance with the Local Rules. Because the plaintiff has requested reimbursement at a rate within the guidelines set forth in the local rules and well below what B&T actually billed, the court concludes the rates are reasonable.

The court has also reviewed the hourly billing entries submitted by B&T and finds them reasonable as well. (ECF 27-2.) This was a straightforward case that involved no novel legal questions. The complaint was only thirteen pages long and the limited motions practice was similarly brief. Indeed, much of the time B&T dedicated to the case was spent attempting to contact the defendants or rectifying the defendants' intransigence in defaulting and failing to conform with court orders. (*Id.*) All told, B&T billed just over 100 hours to the matter over the course of over two years. (*Id.*) The court finds this well within the bounds of reason.

In sum, the court concludes the plaintiff is entitled to collect attorneys' fees and that its request of $45,602.50 is reasonable. The plaintiff's motion for attorneys' fees will be granted.

**B. Costs**

As the prevailing party, the plaintiff is entitled to costs under 28 U.S.C. § 1920; Federal Rule of Civil Procedure 54(d); and Local Rule 109 and Appendix B. The plaintiff has requested

$1,201.96 in recoverable costs. (ECF 27-1 at 10). The court has reviewed the itemized expenses, (ECF 27-2), and is satisfied that each requested expense is duly compensable. The defendants have not suggested otherwise. Thus, the plaintiff will be entitled to recover costs in the amount of $1,201.96.

## CONCLUSION

For the reasons discussed above, the plaintiff's Motion for Entry of Money Judgment is **DENIED** and its Motion for Attorneys' Fees and Costs is **GRANTED**. The defendants will be **ORDERED** to pay the plaintiff $45,602.50 in attorneys' fees and $1,201.96 in costs. A separate Order follows.

9/29/22
Date

CCB
Catherine C. Blake
United States District Judge